**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

KATHLEEN HANOVER,                                    :
                                                     :
            Plaintiff,                               :      Case No. 3:22-cv-209
                                                     :
        v.                                           :      Judge Thomas M. Rose
                                                     :
REAL TIME RESOLUTIONS, INC., *et al.*,               :
                                                     :
            Defendants.                              :

---

**ENTRY AND ORDER GRANTING, IN PART, AND DENYING, IN PART,**
**DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,**
**INC. AND RRA CP OPPORTUNITY TRUST 1'S MOTION FOR**
**RECONSIDERATION OR, IN THE ALTERNATIVE, MOTION FOR LEAVE**
**TO FILE AMENDED ANSWER (DOC. NO. 24)**

---

Presently before the Court is Defendants Mortgage Electronic Registration Systems, Inc. and RRA CP Opportunity Trust 1's Motion for Reconsideration or, in the Alternative, Motion for Leave to File Amended Answer ("Motion") (Doc. No. 24). In the Motion, Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and RRA CP Opportunity Trust 1 ("RRACP") (collectively, "Defendants") seek reconsideration of part of the Court's Entry and Order Granting Defendants Mortgage Electronic Registration Systems, Inc. and RRA CP Opportunity Trust 1's Motion for Summary Judgment ("Order") (Doc. No. 23). (Doc. No. 24 at PageID 335.) In the alternative, Defendants move to amend their answer to state a counterclaim for foreclosure against Plaintiff Kathleen Hanover ("Hanover"). (*Id.*)

For the reasons explained below, the Court **GRANTS, IN PART, and DENIES, IN PART,** the Motion.

1

## I.     __BACKGROUND__

This matter stems from Hanover's Complaint for Damages ("Complaint") (Doc. No. 1), alleging claims under the Fair Debt Collection Practices Act, the Ohio Residential Mortgage Lending Act, and the Ohio Consumer Sales Practices Act.  (Doc. No. 1 at PageID 1-11.)  Hanover further sought declaratory judgment for cancellation of the Note and release of the Mortgage under both 28 U.S.C. § 2201 and Ohio Rev. Code § 2721.01.  (*Id*. at PageID 12-16.)

On June 9, 2023, Defendants' filed their motion for summary judgment on the declaratory judgment claims, counts four and five of the Complaint.  (Doc. No. 15.)  Hanover opposed summary judgment and argued that any claim Defendants may have on the mortgage were compulsory counterclaims under Fed. R. Civ. P. 13(a).  (Doc. No. 19 at PageID 271-72.)

The Court granted the motion for summary judgment and dismissed counts four and five on August 29, 2023.  (Doc. No. 23.)  The Court further found that any claim Defendants may have for foreclosure or ejectment are compulsory counterclaims that must be brought within this action.  (*Id*. at PageID 333.)  In so doing the Court found that the issues of law and fact raised by Hanover's claims and the claims for foreclosure and ejectment were largely the same and the same evidence would support or refute both claims.  (*Id*.)

On September 11, 2023, Defendants filed the present Motion.  (Doc. No. 24.)  Hanover filed her opposition on September 25, 2023 (Doc. No. 25), and Defendants filed their reply on October 2, 2023 (Doc. No. 26).  This matter is fully briefed and ripe for review and decision.

## II.    __ANALYSIS__

Defendants' Motion seeks reconsideration of the Court's decision that any action for foreclosure and ejectment are compulsory counterclaims under Fed. R. Civ. P. 13.  (Doc. No. 24 at PageID 338-40.)  In the alternative, Defendants seek leave to file an amended answer with a

counterclaim for foreclosure and to join any necessary parties.  (*Id*. at PageID 341-42.)

In opposition, Hanover contends that the Court should not reconsider its ruling because Defendants fail to show that they are entitled to enforce the mortgage and that they waived any such argument by not raising it during the summary judgment briefing.  (Doc. No. 25 at PageID 403.)  Hanover further argues that Defendants have not articulated a sufficient reason to allow them to amend their answer at such a late stage of the litigation and that such a move would prejudice Hanover.  (*Id*. at PageID 404-07.)

### A.  <u>Reconsideration of the Compulsory Counterclaim Finding</u>

As an initial matter, both Parties cite to Fed. R. Civ. P. 59(e) as the basis for reconsideration in this matter.  (Doc. Nos. 24 at PageID 338-39; 25 at PageID 402.)  This is incorrect.  "Rule 59(e), by its own terms, applies only to judgments."  *Simmerman v. Ace Bayou Corp.*, 304 F.R.D. 516, 518 (E.D. Ky. 2015).  The Court has not entered judgment against either party and unresolved claims remain pending.[1]  *See Id*.; *Johnson v. Dixon-Ingalls*, No. 1:20-cv-687, 2020 U.S. Dist. LEXIS 197847, at *1, 2020 WL 6193884, at *1 (W.D. Mich. Sept. 25, 2020); *Lubin v. FCA US, LLC*, No. 20-cv-13233, 2023 U.S. Dist. LEXIS 66099, at *2, 2023 WL 2957473, at *1 (E.D. Mich. Apr. 14, 2023).  Therefore, the Court will review Defendants motion under Fed. R. Civ. P. 54(b).

District Courts have the authority under common law and Fed. R. Civ. P. 54(b) to reconsider an interlocutory order prior to final judgment.  *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004).  However, "'courts will [only] find jurisdiction for reconsidering interlocutory orders where there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent

---

[1] Defendants state in their Motion that they represented to the Court that a ruling in their favor on Counts four and five would render the remaining claims moot.  (Doc. No. 24 at PageID 338.)  However, no defendant moved for summary judgment on the remaining claims and there is no indication that Hanover agrees with this proposition.

manifest injustice.'" *Dunham v. Sheets*, No. 1:13-cv-226, 2015 U.S. Dist. LEXIS 61330, at *4, 2015 WL 2194755, at *2 (S.D. Ohio May 11, 2015) (quoting *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009)). "To establish manifest injustice a moving party must 'show that there exist[s] a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy.'" *Gibson v. Yaw*, No. 1:22-cv-773, 2023 U.S. Dist. LEXIS 62130, at *7, 2023 WL 2837200, at *3 (S.D. Ohio Apr. 7, 2023) (quoting *United States v. Carney*, No. 3:21-cv-98, 2022 U.S. Dist. LEXIS 39503, at *4, 2022 WL 678648, at *2 (W.D. Tenn. Mar. 4, 2022)), adopted by, *Gibson v. Yaw*, No. 1:22-cv-773, 2023 U.S. Dist. LEXIS 92364, 2023 WL 3652386 (S.D. Ohio Apr. 7, 2023). "Furthermore, a court will not find manifest injustice when the moving party simply reargues the issues that were not previously successful." *Nayyar v. Mt. Carmel Health Sys.*, Nos. 2:10–cv–135, 2:12–cv–189, 2014 U.S. Dist. LEXIS 19916, at *7, 2014 WL 619394, at *3 (S.D. Ohio Feb. 18, 2014) (citing *Render v. Forest Park Police Dept.*, No. 1:07-cv-489, 2009 U.S. Dist. LEXIS 61344, 2009 WL 2168783 (S.D. Ohio July 26, 2009)).

Defendants Motion offers no indication of manifest injustice beyond the arguments Defendants made in their original summary judgment briefing.[2]  In the present Motion, Defendants reargue the holdings of *Bauman v. Bank of America, N.A.*, 808 F.3d 1097 (6th Cir. 2015) and *Wells Fargo Bank, N.A. v. Lee*, 2014-Ohio-4514, 20 N.E.3d 1236 (Ohio Ct. App. 2014) as applied to this case and that Ohio courts have enforced anti-waiver conditions in loan documents.  (Doc. No. 24 at PageID 339-40.)  The Court will not reiterate the findings it previously made in the Order.  (Doc. No. 23 at PageID 329-33.)  Nor is the Court persuaded by Defendants fears of borrowers across Ohio filing actions that will force lenders to file compulsory counterclaims.  Moreover, as the

---

[2] Defendants do not argue that there has been an intervening change in the law or the existence of a new fact in this case.

Court explained in its Order, this case is fairly unique[3] in the fact that Defendants consistently argued that the date of maturity had been reached in this case and the entire amount of the loan is now due. (Doc. No. 23 at PageID 333.) Put simply, this is not a case where years remain pending before the date of maturity and the amounts in question could change radically.

Therefore, the Court finds that Defendants have failed to show manifest injustice.

### B. Motion to Amend Answer

In the alternative, Defendants move this Court to allow them to amend their answer to assert a counterclaim against Hanover for foreclosure. (Doc. No. 24 at PageID 341.) Defendants argue that leave to amend should be granted in this case because they were not aware of caselaw inapposite to *Lee* that would require pleading foreclosure as a counterclaim. (*Id*. at PageID 341.) Moreover, Defendants allege that they were not aware of Hanover's position on the counterclaim until summary judgment. (*Id*. at PageID 342.) In opposition, Hanover argues that Defendants have offered no justification for amending their answer so late into this litigation. (Doc. No. 25 at PageID 406.) Hanover further contends that allowing Defendants to amend their answer would prejudice her. (*Id*.) In support of this argument, Hanover points to the fact that the Court issued a scheduling that required dispositive motions to be filed in July and set a trial date in February 2024. (*Id*. at PageID 407.) Hanover also points to the fact that discovery has closed. (*Id*.)

Fed. R. Civ. P. 15(a)(2) states that a "court should freely give leave [to amend] when justice so requires." Reasons to deny leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Creech v. Emerson Climate Techs., Inc.*, No. 3:15-cv-14, 2015 U.S. Dist. LEXIS

---

[3] Indeed, the Court made clear that its Order was not a "pronouncement of this Court that a foreclosure or ejectment action will always be a compulsory counterclaim." (Doc. No. 23 at PageID 333.)

147097, at *5, 2015 WL 6551856, at *2 (S.D. Ohio Oct. 29, 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "Delay alone is 'not a sufficient reason for denying leave,' instead, the delay 'must have resulted in prejudice to the party opposing the motion.'"  *Denoewer v. Union Cty. Indus.*, 611 F. Supp. 3d 458, 481 (S.D. Ohio 2020) (quoting *Tefft v. Seward*, 689 F.2d 637, 640 (6th Cir. 1982)).

Where a party's motion to amend is made after the deadline set by the court's scheduling order, the party must show good cause pursuant to Fed. R. Civ. P. 16.  *Id*. (citing *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)).  "In considering whether good cause exists, courts look to: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure the prejudice.'"  *Davis v. GEICO Cas. Co.*, No. 2:19-cv-2477, 2021 U.S. Dist. LEXIS 39257, at *4-5, 2021 WL 803866, at *2 (S.D. Ohio Mar. 3, 2021) (quoting *York v. Lucas Cty., Ohio*, No. 3:13-cv-1335, 2015 U.S. Dist. LEXIS 65221, at *4, 2015 WL 2384096, at *2 (N.D. Ohio May 19, 2015)).

As an initial matter, the Court is cognizant of the unique nature of its ruling on the motion for summary judgment.  Defendants proceeded based on a good faith interpretation of the caselaw in Ohio and the interpretation that a foreclosure claim was not a required counterclaim.  While, Hanover will suffer some prejudice in having to answer Defendants counterclaims, as the Court noted in its Order, many of the factual issues relevant to the foreclosure action are similar to those explored by the Parties in evaluating the statute of limitations argument.  (Doc. No. 23 at PageID 333.)  The Court is also conscious of the fact that granting Defendants leave to amend may require a reevaluation of the case schedule, but any modifications need not be extensive given the factual similarities discussed above.  Failing to allow Defendants to amend their answers would

substantially affect their rights and would not serve the interests of justice.

### III.   <u>CONCLUSION</u>

For the reasons stated above, the Court **GRANTS, IN PART, and DENIES, IN PART,**
Defendants Mortgage Electronic Registration Systems, Inc. and RRA CP Opportunity Trust 1's
Motion for Reconsideration or, in the Alternative, Motion for Leave to File Amended Answer
(Doc. No. 24). The Motion is **DENIED** as to its request for reconsideration. The Motion is
**GRANTED** as to Defendants' request to file an amended answer with counterclaims. Defendants
shall file their amended answer within seven (7) days of this Order.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, October 10, 2023.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE