**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| KATHLEEN HANOVER, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:22-cv-209 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| REAL TIME RESOLUTIONS, INC., *et al*., | : | |
| | : | |
| Defendants. | : | |

---

**ENTRY AND ORDER GRANTING DEFENDANT REAL TIME
RESOLUTIONS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT
(DOC. NO. 60) AND DENYING DEFENDANT RRA CCP OPPORTUNITY'S
MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIM AND
CROSSCLAIM (DOC. NO. 66)**

---

Presently before the Court are Defendant Real Time Resolutions, Inc.'s Motion for Partial

Summary Judgment ("RTR Motion") (Doc. No. 60) and Defendant RRA CCP Opportunity's

Motion for Summary Judgment on Counterclaim and Crossclaim ("Counterclaim Motion") (Doc.

No. 66). The RTR Motion contends that—as the Court has ruled the collection of the mortgage is

not time barred—Plaintiff Kathleen Hanover's ("Plaintiff") remaining claims should be dismissed

as they are premised on the allegation that Defendant Real Time Resolutions, Inc. ("RTR") was

attempting to collect on a time barred debt. (Doc. No. 60-1 at PageID 1179.) Plaintiff argues that

the Court's prior finding should not be construed to defeat her remaining claims. (Doc. No. 63 at

PageID 1193.)

As to the Counterclaim Motion, Defendant RRA CCP Opportunity ("RRA CCP") argues

that it is entitled to summary judgment on its claim for foreclosure of the underlying mortgage in

this matter. (Doc. No. 68 at PageID 1420.) In response, Plaintiff contends that RRA CCP has

failed to follow the procedural steps necessary to foreclose on the mortgage and, consequently, the foreclosure claim should be dismissed. (Doc. No. 71 at PageID 1436-37.)

For the reasons discussed below, Defendant Real Time Resolutions, Inc.'s Motion for Partial Summary Judgment is **GRANTED** and Defendant RRA CCP Opportunity's Motion for Summary Judgment on Counterclaim and Crossclaim is **DENIED**.

I.       **BACKGROUND**

On or about December 18, 2006, Plaintiff and Greenpoint Mortgage Funding, Inc.[1] ("Greenpoint") entered into a Home Equity Line of Credit Agreement ("HELOC") (Doc. No. 16 at PageID 220-32), Promissory Loan (*Id*. at PageID 168-71), and Open-End Mortgage ("Mortgage") (*Id*. at PageID 150-62). The HELOC included a maturity date of January 15, 2022, at which point Plaintiff would be expected to pay any remaining account balance. (*Id*. at PageID 221.) As a security for the HELOC, Plaintiff also executed the Mortgage with a stated maturity date of January 15, 2022. (*Id*. at PageID 151.) The Mortgage contained several Non-Uniform Covenants, including an acceleration clause and a clause covering senior liens. (*Id*. at PageID 159.)

Plaintiff ceased making payments on her loan in July 2011. (*Id*. at PageID 250-54.) On September 28, 2012, Greenpoint notified Plaintiff that it was transferring the right to collect payment on the Mortgage to RTR. (Doc. No. 1-1 at PageID 35.)

On December 5, 2013, the senior lienholder on the mortgage, 21st Mortgage Corporation, filed a Complaint for Foreclosure in the Common Pleas Court for Montgomery County, Ohio. (Doc. No. 16 at PageID 163-66.) The matter was ultimately resolved by a stipulated dismissal on

---

[1] Greenpoint Mortgage Funding, Inc. is not a party to this action.

February 12, 2015.  (*Id*. at PageID 215.)  Greenpoint, named as a defendant in the action, did not file a crossclaim for default under the Mortgage.  (*Id*. at PageID 141.)

Plaintiff received notice from RTR on October 27, 2021, informing her that the loan would mature on January 25, 2022.  (*Id*. at PageID 246.)  The notice further stated that the outstanding balance would become due on that date.  (*Id*.)

Plaintiff filed her Complaint for Damages ("Complaint") (Doc. No. 1) in this action on August 1, 2022, alleging claims under the Fair Debt Collection Practices Act, the Ohio Residential Mortgage Lending Act, and the Ohio Consumer Sales Practices Act.  (Doc. No. 1 at PageID 1-11.) Plaintiff further sought declaratory judgment for cancellation of the HELOC and release of the Mortgage under both 28 U.S.C. § 2201 and Ohio Rev. Code § 2721.01.  (*Id*. at PageID 12-16.)

On June 9, 2023, Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and RRA CCP filed a motion for summary judgment as to Counts Four and Five of Plaintiff's Complaint.  (Doc. No. 15.)  These counts sought cancellation of Plaintiff's HELOC and mortgage due to those instruments being time barred.  (Doc. No. 1 at PageID 12-16.)  The Court dismissed Counts Four and Five of the Complaint because the facts before the Court demonstrated that both instruments were still enforceable as no party had taken any step to exercise their right to enforce the obligation.  (Doc. No. 23 at PageID 324-29.)

The RTR motion was filed on July 12, 2024 (Doc. No. 60) and Plaintiff filed her opposition on August 9, 2024 (Doc. No. 63).  RTR filed its reply on September 9, 2024 (Doc. No. 69).  RRA CCP filed the Counterclaim Motion on August 21, 2024 (Doc. No. 66) and Plaintiff filed her response on September 25, 2024 (Doc. No. 71).  RRA CCP filed its reply on October 16, 2024. (Doc. No. 22.)  Both motions are ripe for review and decision.

## II.    LEGAL STANDARDS FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides that "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought" and that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, affidavits or sworn declarations, and admissions on file, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* Fed. R. Civ. P. 56(a), (c).  The burden then shifts to the non-moving party, which "must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  In opposing summary judgment, the nonmoving party cannot rest on its pleadings or merely reassert its previous allegations.  *Id*. at 248-49.  It also is not sufficient to "simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The nonmoving party must "go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position.  *Celotex Corp.*, 477 U.S. at 324.

A party's failure "to properly address another party's assertion of fact as required by Rule 56(c)" can result in the court "consider[ing] the fact undisputed for purposes of the motion."  Fed. R. Civ. P. 56(e).  Additionally, "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim."

*InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In ruling on a motion for summary judgment, it is not the judge's function to make credibility determinations, "weigh the evidence[,] and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 255. In determining whether a genuine issue of material fact exists, the court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in that party's favor. *Id*. at 255; *Matsushita*, 475 U.S. at 587; *Tolan v. Cotton*, 572 U.S. 650, 660 (2014). However, the "mere existence of a scintilla of evidence in support of the" nonmoving party is not sufficient to avoid summary judgment. *Anderson*, 477 U.S. at 252. "There must be evidence on which the jury could reasonably find for the plaintiff." *Id*. The inquiry, therefore, "asks whether reasonable jurors could find by a preponderance of the evidence that the" nonmoving party is entitled to a verdict. *Id*.

As judgment is sought on claims brought under Ohio law, this Court must apply the law of Ohio, as interpreted by the Supreme Court of Ohio. *Northland Ins. Co. v. Guardsman Prods. Inc.*, 141 F.3d 612, 617 (6th Cir. 1998). Specifically, this Court must apply the substantive law of Ohio "in accordance with the then-controlling decision of the highest court of the State." *Imperial Hotels Corp. v. Dore*, 257 F.3d 615, 620 (6th Cir. 2001). To the extent that the highest court in Ohio has not addressed the issue presented, this Court must anticipate how Ohio's highest court would rule. *Id*. This is done by looking to other available data, which "include decisions of the state appellate courts, and those decisions should not be disregarded unless" presented with persuasive data that the Supreme Court of Ohio would decide otherwise; instead, such decisions should be given weighty, but not controlling, deference. *Allstate Ins. Co. v. Thrifty Rent-A-Car*

*Sys., Inc.*, 249 F.3d 450, 454 (6th Cir. 2001); *see also Babcock Power, Inc. v. Kapsalis*, 854 F. App'x 1, 5 (6th Cir. 2021).

**III.**    **ANALYSIS**

The RTR Motion contends that since this Court found the note and mortgage were not time barred, Plaintiff's remaining claims must likewise fall.  (Doc. No. 60-1 at PageID 1180-81.) Specifically, RTR argues that all of Plaintiff's claims are predicated on an unlawful attempt to collect on a time barred debt, thus they are no longer viable under the Court's prior ruling.  (*Id.*)

The RRA CCP Motion, on the other hand, seeks summary judgment on the counterclaim for foreclosure.  (Doc. No. 68 at PageID 1420.)  RRA CCP states that it has followed all of the procedural requirements for a foreclosure and no issue of fact exists.  (*Id.* at PageID 1420-22.) The Court will deal with each motion in turn.

**A.    Viability of Plaintiff's Remaining Claims**

Plaintiff's Complaint alleges three claims that are still before the Court.  Plaintiff's first claim seeks relief under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, alleging deceptive practices were used to collect on Plaintiff's debt.  (Doc. No. 1 at PageID 7-8.)  The second claim, under the Ohio Residential Mortgage Lending Act ("RMLA"), Ohio Rev. Code § 1322, *et seq.*, alleges that RTR violated the statute by attempting to collect a time barred debt.  (*Id.* at PageID 9-11.)  Plaintiff's final remaining claim alleges a violation of the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code § 1345.01, *et seq.*  (*Id.* at PageID 11.) Specifically, Plaintiff alleges RTR violated the OCSPA by engaging in unfair and deceptive practices "as described in Count One."  (*Id.*)

**i.    Count 1: Fair Debt Collections Practices Act**

Plaintiff's first count, under the FDCPA, alleges that RTR violated the act on October 27,

2021 and December 31, 2021 by issuing a letter and billing statement that violated 15 U.S.C. §
1692e by failing to include language compliant with 12 C.F.R. § 1006.26(b). (Doc. No. 1 at
PageID 8.) It further alleges that the October 27 letter violated 15 U.S.C. § 1692f because RTR's
conduct, in Plaintiff's view, was an "unfair or unconscionable means to attempt to collect a debt."
(*Id.*)

Under 15 U.S.C. § 1592e, "[a] debt collector may not use any false, deceptive, or
misleading representation or means in connection with the collection of any debt." Similarly,
another portion of the FDCPA, "[a] debt collector may not use unfair or unconscionable means to
collect or attempt to collect any debt." 15 U.S.C. § 1592f. In conjunction with the FDCPA, the
Consumer Finance Protection Bureau created a number of regulations with the purpose of
"ensur[ing] that certain features of debt collection are disclosed fully, accurately, and effectively
to consumers in a manner that permits consumers to understand the costs, benefits, and risks
associated with debt collection…." 12 C.F.R. § 1006.1(b). Thus, the regulations forbids a debt
collector from brining or threatening "to bring a legal action against a consumer to collect a time-
barred debt." 12 C.F.R. § 1006.26(b).

The Court, as discussed above, previously ruled that enforcement of the HELOC and the
mortgage were not time barred. (Doc. No. 23 at PageID 324-29.) Consequently, any claim
predicated on an allegation that RTR sought to collect on a time barred debt must fail. Plaintiff's
allegations state:

> Based on the allegations herein and the October 27, 2021 letter, RTR violated 15
> U.S.C. 1692e when it used deceptive means in attempting to collect the debt by
> failing to include any language that is compliant with 12 C.F.R. 1006.26(b).
> …
> Based on the allegations herein and the December 31, 2021 billing statements, RTR
> violated 15 U.S.C. 1692e when it used deceptive means in attempting to collect the
> debt by failing to include any language that is compliant with 12 C.F.R. 1006.26(b).

7

(Doc. No. 1 at PageID 8) (internal citations omitted).  As these claims are predicated on 12 C.F.R. § 1006.26(b), which only prohibits the collection of time barred debts, these allegations must be dismissed.  As the HELOC and mortgage were not time barred, RTR can not have violated § 1692f by attempting to collect on a time barred debt.

Count One does have another allegation, which states:

> Based on the allegations herein and the October 27, 2021 letter, RTR violated 15 U.S.C. §1692f because its conduct as outlined herein constitutes unfair or unconscionable means to attempt to collect a debt.

(Doc. No. 1 at PageID 8.)  Plaintiff fails to explain how this allegation differs from those under § 1692e, however.  The statute contains one provision that may provide clarity, which prohibits:

> (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--
>> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
>> (B) there is no present intention to take possession of the property; or
>> (C) the property is exempt by law from such dispossession or disablement.

15 U.S.C. § 1692f(b).  Thus, in keeping with Plaintiff's allegations under Count One, this allegation is predicated on the notion RTR did not have a right to the property.  As previously stated, this claim cannot survive where the HELOC and mortgage were still enforceable.

The Court finds Count One of the Complaint is predicated on the allegation that the HELOC and the mortgage were time barred.  As the Court has found those instruments were not time barred, Count One fails as a matter of law and must be dismissed.

### ii.  Count 2: RMLA

The second count of Plaintiff's Complaint alleges that RTR violated Ohio's RMLA by "seeking to collect on a time-barred debt," on both the HELOC and the mortgage.  (Doc. No. 1 at PageID 10.)

The relevant portion of the RMLA states:

> No registrant, licensee, or person required to be registered or licensed under this chapter, or individual disclosed in an application as required by this chapter, shall do any of the following:
>
> …
>
> (C) Engage in conduct that constitutes improper, fraudulent, or dishonest dealings….

Ohio Rev. Code § 1322.40(C).

Similar to the FDCPA claim, Plaintiff's RMLA claim is predicated on the debt being time barred. Moreover, Plaintiff's claim is based solely on the premise the HELOC and mortgage were time barred. As previously discussed, the Court found that these instruments were not time barred. Consequently, Count Two fails as a matter of law and must be dismissed.

### iii. **Count 3: OCSPA**

Plaintiff's third claim alleges that RTR also violated the OCSPA. (Doc. No. 1 at PageID 11.) Specifically, the Complaint alleges: "The illegal, improper, and abusive debt collection practices of RTR as described in the Complaint and more specifically in Count One that are acts in violation of the FDCPA as described in Count One also constitute unfair and deceptive practices in violation of the OCSPA." (*Id.*)

As previously discussed, Plaintiff's claim under the FDCPA fails as a matter of law because the mortgage and HELOC were not time barred and, therefore, are enforceable. The Complaint does not offer any factual allegations specific to the OCSPA claim beyond referring the Court back to Count One. The claims in Count One were predicated on the theory that it was "unfair or unconscionable" to collect on a debt that was time barred. As the Court has found Count One must fail because the mortgage and HELOC were not time bared, the Court similarly finds that Plaintiff's claim under the OSCPA must also fail as a matter of law.

### B. **Foreclosure Counterclaim**

In addition to RTR's Motion, RRA CCP seeks summary judgment on its claim for

foreclosure. (Doc. No. 68.) RRA CCP argues that it has satisfied all of the elements necessary for a Decree of Foreclosure from this Court. (*Id*. at PageID 1420.) In turn, Plaintiff contends that RRA CCP has failed at several points to meet the conditions necessary to foreclose on the property that forms the subject of this litigation. (Doc. No. 71 at PageID 1438-47.)

On a motion for summary judgment in a foreclosure action, the moving party must show: (1) it is the holder of the note and the mortgage, or is a party entitled to enforce them; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due. *Trinity Fin. Serv. V. Unknown Heirs of King*, 2024-Ohio-2377, at ¶ 38 (Ohio Ct. App. 2024) (citing *Carrington Mortg. Servs., LLC v. McClain*, 2023-Ohio-2211, at ¶ 18, 221 N.E.3d 132 (Ohio Ct. App. 2023)); *U.S. Bank, N.A. v. Coffey*, 2012-Ohio-721, at ¶ 26 (Ohio Ct. App. 2012). Ohio courts have held, "'[w]here prior notice of default and/or acceleration is required by a provision in a note or mortgage instrument, the provision of notice is a condition precedent….'" *Trinity*, 2024-Ohio-2377, at ¶ 57 (quoting *Wells Fargo Bank, N.A. v. Scott*, 2015-Ohio-3269, at ¶ 19 (Ohio Ct. App. 2015)).

Plaintiff contends that RRA CCP failed to comply with two separate Ohio notice statutes, thus the Court will determine whether RRA CCP has met all conditions precedent.

### i. **Statutory Conditions**

Plaintiff points to two Ohio statutes that demonstrate RRA CCP has not met the condition necessary for a foreclosure. (Doc. No. 71 at PageID 1438-44.) First, Plaintiff contends that RRA CCP has failed to comply with Ohio Rev. Code § 2329.191, which requires a party seeking a foreclosure to file a preliminary judicial report ("PJR") 30 days prior to or 14 days after filing its pleading. (*Id*. at PageID 1438.) Second, Plaintiff points to Ohio Rev. Code § 1349.78, which

requires a party filing a foreclosure action to provide written notice prior to the filing of such action.  (*Id*. at PageID 1440.)

RRA CCP, for its part, contends that the statutory concerns raised by Plaintiff are of no consequence.  First, RRA CCP argues that it filed a PJR with an effective date of October 30, 2023.  (Doc. No. 72 at PageID 1449-50.)  Second, RRA CCP contends that it could comply with Ohio Rev. Code § 1349.78 because the Court ordered it to file its foreclosure claim and it did not do so of its own choice.  (*Id*. at PageID 1451.)

In relevant part, Ohio Rev. Code § 2329.191(B) states:

> In every action demanding the judicial sale of residential real estate consisting of one to four single-family units, the party seeking that judicial sale shall file with the clerk of the court of common pleas within fourteen days after filing the pleadings requesting relief a preliminary judicial report… The preliminary judicial report shall be effective within thirty days prior to the filing of the complaint or other pleading requesting a judicial sale….

Additionally, Ohio Rev. Code § 1349.78 states:

> (A) Not less than thirty days prior to a person filing a foreclosure action to collect on a debt secured by residential real property, the person shall first send a written notice as described in division (B) of this section via United States mail to the residential address of the debtor, if both of the following apply:
>
> > (1) The debt is secured by a mortgage lien on the debtor's residential real property that is not in the first mortgage position.
> > (2) The debt has either been accelerated or is in default in accordance with the terms set forth in the promissory note.
>
> (B)  The written notice may be included on, or accompany, any other communication, and shall be printed in at least twelve-point type and include the following:
>
> > (1) The name and contact information of the person collecting the debt;
> > (2) A statement of the amount of the debt;
> > (3) A statement that the debtor has a right to engage an attorney;
> > (4) A statement that the debtor may qualify for debt relief under Chapter 7 or 13 of the United States Bankruptcy Code, 11 U.S.C. Chapter 7 or 13, as amended;
> > (5) A statement that a debtor that qualifies under Chapter 13 of the United

11

> States Bankruptcy Code may be able to protect their residential real property
> from foreclosure.

Ohio Rev. Code § 1349.78(A)-(B).

RRA CCP contends that these statutory provisions pose no obstacle to its foreclosure action. (Doc. No. 72 at PageID 1449-51.) The Court believes otherwise. Both statutes require a party seeking a judicial foreclosure to undertake certain actions. Under Ohio Rev. Code § 2329.191(B), the party seeking a foreclosure must obtain a PJR that is effective either *30 days before* filing the complaint or *14 days after* filing the complaint. RRA CCP did not file a timely PJR. RRA CCP points to the PJR it filed with this Court on November 2, 2023, which has an effective date of October 30, 2023. (Doc. No. 40 at PageID 1018.) However, the effective date on this document is more than 14 days after the filing of the foreclosure action on October 11, 2023. (Doc. No. 28.) Indeed, the PJR filed with the foreclosure action had an effective date of August 29, 2023, which is more than 30 days prior to the filing of the action. (Doc. No. 29 at PageID 477.) Needless to say, Plaintiff has failed to comply with Ohio Rev. Code § 2329.191(B).

Similarly, RRA CCP argues that it did not need to comply with Ohio Rev. Code § 1349.78 because the Court ordered it to file the foreclosure action as a compulsory counterclaim. (Doc. No. 72 at PageID 1451.) Indeed, RRA CCP states, "a common sense and straight-forward interpretation is that it cannot apply as RRA [CCP] did not commence this action…." (*Id.*) This argument is unsupported and unavailing. The statute makes no exceptions for compulsory counterclaims, nor does it indicate that the requirement is waived because it was not the foreclosing party's decision to instigate the action. To attempt to read such intentions into the statute would be a slippery slope. Moreover, the Court's order to file the compulsory counterclaim cannot negate the statutory rights and

obligations of a party. *See Proctor v. Kardassilaris*, 115 Ohio St.3d 71, 74, 873 N.E.2d 872, 876, 2007-Ohio-4838, at ¶ 17 (Ohio 2007) (citing *Krause v. State*, 31 Ohio St.2d 132, 145, 285 N.E.2d 736 (Ohio 1972) overruled on other grounds, *Schenkolewski v. Cleveland Metroparks Sys.*, 67 Ohio St.2d 31, 426 N.E.2d 784 (1981), paragraph one of the syllabus) ("the statute will control for matters of substantive law"). RRA CCP could have avoided this issue all together by seeking an extension of time to comply with its statutory duty.

Failure to comply with Ohio Rev. Code § 2329.191 does not divest this Court of subject matter jurisdiction, however. *See U.S. Bank Nat. Assoc. v. Columbia Park East MHP*, 2018-Ohio-5234, at ¶ 16, 128 N.E.3d 793, 798 (Ohio 2018) (citing *Home Fed. Sav. & Loans Assoc. of Niles v. Keck*, 2016-Ohio-651, at ¶ 49, 59 N.E.3d 706, 718 (Ohio Ct. App. 2016)). However, the Ohio Supreme Court has held that errors with respect to the PJR, "will, in proper case, furnish the basis for dismissal by the trial court or for reversal of its judgment on appeal." *State ex rel. Nyamusevya v, Hawkins*, 165 Ohio St. 3d 22, 26, 2021-Ohio-1122, at ¶ 18 (Ohio 2021) (citing *GMAC Mtge., LLC. V. Jacobs*, 196 Ohio App. 3d 167, 173, 2011-Ohio-1780, at ¶ 23, 962 N.E.2d 838, 842-43 (Ohio Ct. App. 2011)).

While similar case law does not exist with respect to Ohio Rev. Code § 1349.78, the Court concludes the result is the same, RRA CCP failed at the outset to comply with its statutory obligations. Consequently, there are clear errors with the PJR. As such, the appropriate remedy is to dismiss RRA CCP's foreclosure claim without prejudice.

**IV. <u>CONCLUSION</u>**

For the reasons stated above, Defendant Real Time Resolutions, Inc.'s Motion for Partial Summary Judgment is **GRANTED** and Defendant RRA CCP Opportunity's Motion for Summary Judgment on Counterclaim and Crossclaim is **DENIED**. RRA CCP's Count One Foreclosure of

the Mortgage (Doc. No. 28 at PageID 438) is **DISMISSED WITHOUT PREJUDICE**.

      **DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, October 30, 2024.

                                  s/Thomas M. Rose

                                   THOMAS M. ROSE
                                   UNITED STATES DISTRICT JUDGE